[Cite as *State v. Frazier*, 2018-Ohio-4291.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J |
| Plaintiff – Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 18-COA-006 |
| OLIVIA R. FRAZIER | |
| Defendant – Appellant | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Ashland County Court of Common Pleas Case No. 17-CRI-091 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 22, 2018 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| CHRISTOPHER R. TUNNELL<br>Ashland County Prosecuting Attorney<br>110 Cottage Street<br>Ashland, OH  44805 | CHRISTINA I. REIHELD<br>Reiheld Law Firm<br>P.O. Box 532<br>Dansville, OH  43014 |

*Hoffman, J.*

{¶1} Appellant Olivia R. Frazier appeals the judgment entered by the Ashland County Common Pleas Court convicting her of aggravated possession of drugs (R.C. 2925.11(A)) and possessing drug abuse instruments (R.C. 2925.12(A)) following her plea of no contest, and sentencing her to an aggregate term of incarceration of nine months. Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On June 13, 2017, Loudonville police received a 911 call concerning a non-responsive, unconscious female. Both police and EMS responded to the address. Based on past calls to the residence, and specifically prior interactions with Appellant at the residence, police believed the call to be related to a drug overdose. On overdose calls, police respond with EMS because they carry Narcan. Further, patients revived by Narcan often become violent immediately thereafter, and police respond in order to protect EMS personnel.

{¶3} Captain James Coey and Patrolman Shawn Gorell arrived at the home about the same time as the EMS. Appellant's mother ushered them into the home, where Appellant was found unconscious in a bedroom. The room was small and Ptl. Gorell waited outside, while Cpt. Coey stood just inside the doorway of the room. Cpt. Coey noted items in plain view in the room which, based on his training and experience, he associated with heroin addiction. He saw Q-tips and small tiny cotton balls, some stained brown, on a bedside table. Cpt. Coey knew heroin users often pull the cotton tips off Q-tips, and use the tiny cotton ball as a filter to draw melted-down heroin to a syringe. He also saw a tube of antibiotic cream, which heroin users often use to prevent infection at the injection site. He saw the corner of a baggie, used to make a small bindle for heroin.

In another location he saw a spoon with a dried white substance and a bottle cap, which he knew heroin users often use to liquefy and heat heroin. On an air conditioner which was sitting atop another small table, he saw a syringe.

**{¶4}** Appellant almost immediately responded to the Narcan treatment. Upon revival, she admitted she had snorted heroin. EMS personnel, aided by Ptl. Gorell, took Appellant from the room to the ambulance for transport to the hospital. Ptl. Gorell went back into the house, where Cpt. Coey had remained to collect evidence.

**{¶5}** Appellant was indicted by the Ashland County Grand Jury with one count of aggravated possession of drugs and one count of possessing drug abuse instruments. She filed a motion to suppress the evidence taken from the bedroom. Following an evidentiary hearing, the trial court overruled the motion to suppress. She then entered a plea of no contest to the charges, and was sentenced to an aggregate term of incarceration of nine months. It is from the January 22, 2018 judgment of conviction and sentence Appellant prosecutes her appeal, assigning as error:

"THE TRIAL COURT ERRED BY REFUSING TO GRANT APPELLANT'S MOTION TO SUPPRESS BECAUSE (1) THE CAPTAIN FAILED TO OBTAIN A SEARCH WARRANT AND DISCOVERED THE ITEMS WHEN HE REMAINED IN A PLACE HE NO LONGER HAD ANY RIGHT TO BE FOLLOWING ABATEMENT OF AN EMERGENCY AND (2) THE OFFICER'S STATEMENT THAT THE ITEMS WERE IN PLAIN SIGHT DURING THE EMERGENCY ARE [SIC] NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE."

{¶6} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141(1991); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726(1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact, in which case an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 641 N.E.2d 1172 (1994); *State v. Claytor*, 85 Ohio App.3d 623, 620 N.E.2d 906 (1993); *Guysinger, supra.* As the United States Supreme Court held in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶7} "When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the

credibility of witnesses. See *State v. Dunlap,* 73 Ohio St.3d 308, 314, 1995–Ohio–243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).

**{¶8}** Appellant argues Cpt. Coey's testimony he saw drug paraphernalia in plain view is not credible. She argues he could not have seen the items in her room until after she was removed from the room, and he was not at this point lawfully on the premises because the emergency had abated.

**{¶9}** Under the plain view exception to the search warrant requirement, police may seize items in plain view during a lawful search if (1) the seizing officer is lawfully present at the place from which the evidence can be plainly viewed; (2) the seizing officer has a right of access to the object itself; and (3) the object's incriminating character is immediately apparent. *Horton v. California*, 496 U.S. 128, 136–37 (1990). The Ohio Supreme Court has held the "immediately apparent" requirement of the "plain view" doctrine is met when police have probable cause to associate an object with criminal activity. *State v. Halczyszak*, 25 Ohio St.3d 301, 496 N.E.2d 925 (1986). In ascertaining the required probable cause, police officers may rely on their specialized knowledge, training and experience. *Id.*

**{¶10}** Cpt. Coey was lawfully present in Appellant's bedroom at the time he testified he saw the evidence in plain view. Appellant's mother "ushered" him into the residence to tend to Appellant, who was unconscious in a bedroom. Tr. 15.

**{¶11}** Appellant argues Cpt. Coey's testimony he was inside the bedroom is not credible because the room was too small to hold the EMS personnel, Appellant, and Cpt. Coey, and also because Ptl. Gorell testified Cpt. Coey was not in the room. She argues

Exhibit 1, a photograph taken near the doorway, demonstrates the drug paraphernalia, specifically, the syringe and the stained cotton swabs, were not visible in plain view.

{¶12} On direct examination, Cpt. Coey testified he was inside the room. On cross-examination, he testified he stood just inside the doorway. Ptl. Gorell testified Cpt. Coey was "in the doorway, so he could see into the room." Tr. 70. The evidence supports the conclusion Cpt. Coey was in a position to see inside the room.

{¶13} Appellant points to Exhibit 1, a photograph taken from the doorway, to argue the syringe and stained cotton swabs were not in plain view, and the large number of Q-tips and antibiotic cream were not incriminating by themselves. We note photographs may not always reveal details visible to the naked eye. Further, in the photograph, someone is partially blocking the view of the air conditioner, which may not have been the situation the entire time EMS personnel worked on Appellant.

{¶14} While the photograph does not clearly show some of the cotton swabs were stained brown, the photograph does show a large number of Q-tips and tiny cotton balls. Cpt. Coey testified from his experience, heroin users often pull the tops from Q-tips to make small cotton swabs which are used as a filter to draw melted-down heroin to a syringe. Police officers were aware when they responded to the call Appellant had overdosed in the past. Narcan, which is used for the sole purpose of opiate reversal, was administered to Appellant, and she almost immediately responded to the treatment and revived. Upon waking up, she admitted to snorting heroin. At this point, police had probable cause to believe the cotton swabs, visible in plain view in the photograph taken from the doorway, were drug paraphernalia. The police could therefore enter the room to seize the cotton balls which Cpt. Coey had observed in plain view from his vantage

point in the doorway.  Photographs taken from inside the room clearly demonstrate some of the cotton swabs were stained brown, and a syringe was laying in plain view on top of the air conditioner.  We find the items seized from the room were admissible pursuant to the plain view exception to the warrant requirement.

**{¶15}**  The trial court did not err in overruling Appellant's motion to suppress.

**{¶16}**  The judgment of the Ashland County Common Pleas Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur